SANFORD M. CIPINKO, Esq., SBN 88102
JEREMY CLOYD, Esq., SBN 239991
LAW OFFICES OF SANFORD M. CIPINKO
55 FRANCISCO STREET, SUITE 403
SAN FRANCISCO, CA 94133
VOICE:      (415) 693-9905
FACSIMILE: (415) 693-9904

Attorneys for Plaintiff
ADRIENNE MACBETH

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE MACBETH,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; KEVIN WORRELL, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; DAMIEN FAHEY, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-50, individually and in their official capacities.<br><br>        Defendants. | Case No. C 07 3304 MEJ<br><br>COMPLAINT FOR DAMAGES, AND INJUNCTIVE RELIEF ARISING OUT OF VIOLATIONS OF CIVIL RIGHTS AND STATE TORT CLAIMS<br><br>[42 U.S.C §§1983; California Civil Code §52.1 and State Tort Claims]<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

On March 31, 2006, Plaintiff ADRIENNE MACBETH was beaten by San Francisco Police Officers KEVIN WORRELL and DAMIEN FAHEY. Officers WORRELL and FAHEY responded to the call of a bartender who had a dispute with plaintiff MACBETH. Evidently, the officers sided with the bartender because shortly after they arrived they joined the bartender in ridiculing MACBETH and her friend by making sexist

and outrageous statements. MACBETH kicked the door to the bar one time out of anger.

In response to MACBETH'S show of anger, the officers handcuffed her, dragged her behind their patrol car in a dark alley, shoved her to the ground in handcuffs and repeatedly kicked her. The officers then bashed her head against their patrol car and demanded that she sign a citation. When she refused, the officers bashed her head against the patrol car again causing blood to stream down her head. MACBETH was so savagely beaten that she had to be taken by ambulance to the Trauma Center at San Francisco General Hospital. Plaintiff committed no crime and no police officer could reasonably believe that it was appropriate to use this violence against her.

## JURISDICTION

1. This action alleges violations of the rights of ADRIENNE MACBETH. This action arises under 42 U.S.C. §§1983, 1988 and California state law. Jurisdiction is conferred upon this court by 28 U.S.C. §§1331 and 1343. The actions giving rise to the Defendants liability alleged in this complaint occurred in the City and County of San Francisco which is within the Northern District of California. Venue is therefore proper in this District pursuant to 28 U.S.C §1391(b).

2. Pursuant to 42 U.S.C. 1367(a) this court has supplemental jurisdiction over the state claims brought in this action. The federal and state law claims arise from a common set of operative facts and from the same set of transactions and occurrences.

## PARTIES

3. Plaintiff ADRIENNE MACBETH (hereinafter "MACBETH") is a competent adult and a resident of San Francisco, California.

4. Defendants CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CCSF") is and at all times herein mentioned a municipality duly organized and existing under the laws of the State of California. CCSF operates the SAN FRANCISCO POLICE DEPARTMENT (hereinafter "SFPD").

5. At all times mentioned herein, DAMIEN FAHEY (hereinafter "OFFICER FAHEY"), was a police officer for the SAN FRANCISCO POLICE DEPARTMENT and is sued individually and in his official capacity.

6. At all times mentioned herein, KEVIN WORRELL (hereinafter "OFFICER WORRELL"), was a police officer for the SAN FRANCISCO POLICE DEPARTMENT and is sued individually and in his official capacity.

7. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50 and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their intentional conduct, breach of duty, negligent supervision, management or control and, violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

8. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the CITY AND COUNTY OF SAN FRANCISCO.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

### STATEMENT OF FACTS

10. On March 31, 2006, plaintiff and her friend Jane Doe went to Gino and Carlo's cocktail lounge to buy cigarettes. Jane Doe went inside to buy cigarettes while MACBETH waited outside. A man inside the bar asked Jane Doe if he could buy her a

drink. Jane Doe declined and informed the man that she was with a friend who was waiting outside. The man told her that he would buy a drink for Jane Doe and her friend, so Jane Doe went outside to convey this proposal to MACBETH. MACBETH agreed to come inside for a drink.

11. MACBETH and Jane Doe were enjoying drinks with this friendly stranger and when a young bartender approached, Jane Doe asked him if she could buy cigarettes. A second, older and gray-haired bartender then came over and said that they could not have cigarettes because MACBETH had visited the bar previously and left without paying for a beer. Jane Doe was surprised by this accusation but did not want to get into an argument. She quickly paid the money that the older bartender claimed Macbeth owed and offered an additional five dollars for cigarettes.

12. Jane Doe again asked to purchase cigarettes and the older bartender began yelling and demanding that both Jane Doe and MACBETH leave. The bartender yelled that he would call the police if the two did not leave. Humiliated and insulted at being confronted like this in public and knowing they had done nothing wrong, Jane Doe agreed that the police should be called. MACBETH and Jane Doe then left the bar and waited outside for the police to arrive.

13. Defendants OFFICER WORRELL and OFFICER FAHEY, arrived by patrol car shortly thereafter. The two officers pulled their car into a dark alley next to the bar, turned off their lights and walked into the bar. The officers shut the door behind them while MACBETH stood outside. MACBETH could hear the people inside the bar with the two officers laughing and calling them derogatory names, such as "slut." MACBETH was outraged that the two officers were complicit in compounding her embarrassment and humiliation. MACBETH showed her anger by kicking the door to the bar one time.

14. Within seconds, the OFFICER FAHEY and OFFICER WORRELL rushed outside, grabbed MACBETH and handcuffed her wrists in an excessively tight manner. Both officers then dragged MACBETH behind their patrol car in a dark alley. Their patrol car was positioned such that passersby would be unable to view what was happening with

COMPLAINT FOR DAMAGES                                                                                          4

MACBETH. Once in the alley behind their patrol car, the Officers pushed her forward while handcuffed so that she fell on her face. Unable to protect herself from the fall, MACBETH's face received the full impact of the fall. OFFICER FAHEY and OFFICER WORRELL then began to kick her while she was handcuffed on the ground. MACBETH felt at least one extremely forceful kick to her body. One of the officers then said "just do it" and MACBETH received another forceful kick to her body.

15. OFFICER FAHEY and OFFICER WORRELL continued to kick MACBETH while she lay handcuffed on the ground. Meanwhile, MACBETH'S friend Jane Doe was yelling for passersby to come to the aid of her friend. Jane Doe also called 9-1-1 hoping that other police officers would stop OFFICER WORREL and OFFICER FAHEY from beating her friend. Jane Doe was able to flag two adult males to come over to where MACBETH was being beaten. When Jane Doe showed these two witnesses what was happening, one of them exclaimed that he recognized MACBETH. When the officers heard that people were watching they stopped kicking MACBETH. OFFICER FAHEY and OFFICER WORRELL disbursed the witnesses by threatening to arrest them. The two officers then arrested Jane Doe.

16. After repeatedly kicking her on the ground, OFFICER FAHEY and/or OFFICER WORRELL grabbed MACBETH and slammed her head against the patrol car. That officer asked MACBETH to sign a citation. When MACBETH refused, the same officer slammed her head against the patrol car even harder, which caused blood to gush down the side of her head. Eventually an ambulance arrived at the scene to attend to MACBETH.

17. MACBETH was so seriously injured from the beating that she was taken emergently to the Trauma Center at San Francisco General Hospital. Both OFFICER FAHEY and OFFICER WORRELL escorted MACBETH to the hospital. She repeatedly complained that officers had made the handcuffs too tight on her and they were causing her pain. OFFICER WORRELL and OFFICER FAHEY refused to loosen the handcuffs until a doctor at the San Francisco General Hospital advised the officers that the

handcuffs needed to be loosened because they were too tight and were injuring her. The handcuffs were so tight that they caused bruising of the wrists. MACBETH also suffered personal injuries over the rest of her body including bruises, serious back and hip problems, the latter of which continue to the present. She still walks with a limp because of right hip and back pain caused by the beating.

18. After the Trauma Center released MACBETH, OFFICER WORRELL and OFFICER FAHEY took her to the police station and placed her in a holding cell. MACBETH learned that she would not be released from jail until she signed the citation that had been presented to her earlier. MACBETH eventually signed the citation just so that she could be set free to prepare for a new job she was starting the following Monday.

19. MACBETH started her new job on or around Monday April 3, 2006 at which time she picked up work related items in the San Francisco office before departing for the office in New York where she would work. Her flight to New York departed around noon on or around Tuesday April 4, 2007. Due to the injuries inflicted upon her by defendants, MACBETH was escorted to the plane in a wheelchair. MACBETH was visibly emotionally and physically damaged when she arrived in New York for her new job. She was terminated from her new job within a week because of her physical and emotional state, that included visible bruising and emotional distress.

20. Defendants CCSF and Does 1 to 50, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant peace officers herein and other SFPD peace officers, constituting the use of unnecessary and excessive force against citizens and false arrests of citizens. Specifically, the North Beach division of the SFPD has a pattern of ongoing constitutional violations that have received notoriety in news media. Ongoing accounts of excessive use of force by North Beach police officers such as Jesse Serna have drawn public attention to these ongoing practices. Despite said notice, CCSF and Does 1 to 50 have demonstrated deliberate indifference to this

pattern and practices of SFPD officers' constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by SFPD police officers, and especially within the North Beach district of San Francisco. This lack of adequate supervisory response by CCSF and Does 1 to 50 demonstrates ratification of the OFFICER WORRELL'S and OFFICER FAHEY'S unconstitutional acts, as well as the existence of an informal custom or policy that tolerates and promotes the continued use of excessive force against and violation of civil rights of citizens by SFPD police officers including violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as Civil Rights of within the California Constitution as reflected in statutory causes of action such as California Civil Code §52.1.

21. The acts of OFFICER WORREL and OFFICER FAHEY and Does 1 to 50 alleged herein are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants CCSF, and Does 1 to 50, and their supervisory officials and employees to violations of the constitutional rights of citizens by Defendant police officers herein, and other members of the SFPD. The Plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of CCSF and Does 1 to 50 to the pattern, practices, customs, and policies described above.

## DAMAGES

22. As a proximate result of Defendants' conduct, plaintiff suffered personal injuries and pain and suffering that continue to the present.

23. As a proximate result of Defendants' conduct plaintiff has suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, loss of security and dignity.

24. As a proximate result of Defendants' conduct, plaintiff has incurred and will continue to incur medical expenses for treatment that have damaged her credit.

25. As a proximate result of Defendants' conduct, plaintiff has incurred a loss of past income and will incur a loss of future income.

26. The conduct of Defendants was malicious, wanton and oppressive. Plaintiff is therefore entitled to an award of punitive damages against those defendants.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of her civil rights.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 – VIOLATION OF FOURTH AMENDMENT)
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this complaint.

29. In doing the acts complained of, OFFICER WORREL and OFFICER FAHEY and Does 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

30. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT)
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this complaint.

32. In doing the acts complained of, OFFICER WORREL and OFFICER FAHEY and Does 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to substantive due process protections of the Fourteenth Amendment to the United States Constitution.

33. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### THIRD CAUSE OF ACTION

(42 U.S.C. § 1983 – VIOLATION OF CIVIL RIGHT TO LIFE AND LIBERTY)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this complaint.

35. In doing the acts complained of, OFFICER WORREL and OFFICER FAHEY and Does 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to: The right not to be deprived of life or liberty without due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; The right to equal protection of the laws, as guaranteed by the fourteenth Amendment to the United States Constitution; and The right to be free from pre-conviction punishment, seizure and force as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution; The right to be free from harassment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitutions.

36. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FOURTH CAUSE OF ACTION

(VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this complaint.

38. The conduct of OFFICER WORRELL and OFFICER FAHEY acting in the course and scope of their employment for CCSF, violated California Civil Code section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable detention of said Plaintiff.

39. As a direct and proximate result of Defendants' violation of Civil Code section 52.1, Plaintiff suffered violation of her constitutional rights, and suffered damages as set forth herein.

40. Defendant CCSF is liable to plaintiff for the violations of her civil rights by OFFICER FAHEY and OFFICER WORREL because their conduct occurred in the course and scope of their employment with CCSF.

41. Plaintiff is entitled to injunctive relief and an award of her reasonable attorney's fees pursuant to Civil Code section 52.1(h).

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FIFTH CAUSE OF ACTION
(BATTERY BY PEACE OFFICER)
(AGAINST OFFICER FAHEY AND OFFICER WORRELL AND DOES 1 to 50)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 of this complaint.

43. In doing the acts alleged herein, OFFICER WORRELL and OFFICER FAHEY intentionally touched plaintiff ADRIENNE MACBETH and used unreasonable force to arrest her.

44. ADRIENNE MACBETH did not consent to OFFICER WORREL'S and OFFICER FAHEY'S use of force.

45. ADRIENNE MACBETH was harmed.

46. OFFICER WORREL'S and OFFICER FAHEY'S use of unreasonable force was a substantial factor in causing ADRIENNE MACBETH'S harm.

47. OFFICER WORREL'S and OFFICER FAHEY'S conduct was neither privileged nor justified under statute or common law.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### SIXTH CAUSE OF ACTION

(ASSAULT)

(AGAINST OFFICER FAHEY AND OFFICER WORRELL AND DOES 1 to 50)

48. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 of this complaint.

49. OFFICER WORRELL and OFFICER FAHEY intentionally did an act that made ADRIENNE MACBETH reasonably believe that she was about to be touched in a harmful or offensive manner.

50. ADRIENNE MACBETH did not consent to OFFICER WORRELL'S and OFFICER FAHEY'S conduct.

51. ADRIENNE MACBETH was harmed.

52. OFFICER WORRELL'S and OFFICER FAHEY'S conduct was a substantial factor in causing ADRIENNE MACBETH'S harm.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### SEVENTH CAUSE OF ACTION

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

(AGAINST OFFICER FAHEY AND OFFICER WORRELL AND DOES 1 to 50)

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 of this complaint.

54. OFFICER WORRELL'S and OFFICER FAHEY'S conduct was outrageous.

55. OFFICER WORRELL and OFFICER FAHEY intended to cause ADRIENNE MACBETH emotional distress or acted with reckless disregard of the probability that ADRIENNE MACBETH would suffer emotional distress.

56. ADRIENNE MACBETH suffered severe emotional distress.

57. OFFICER WORRELL'S and OFFICER FAHEY'S conduct was a substantial factor in causing ADRIENNE MACBETH'S severe emotional distress.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### EIGHTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)
### (AGAINST OFFICER FAHEY AND OFFICER WORRELL AND DOES 1 to 50)

58. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 of this complaint.

59. The wrongful conduct of OFFICER WORRELL and OFFICER FAHEY and DOES 1 to 50 constitutes negligence done with conscious disregard for the rights of plaintiff and did not comply with the standard of care to be exercised by reasonable persons.

60. As a proximate result of Defendants' negligent conduct, Plaintiff has suffered severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### NINTH CAUSE OF ACTION
### (NEGLIGENCE)
### (AGAINST OFFICER FAHEY AND OFFICER WORRELL AND DOES 1 to 50)

61. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60 of this complaint.

62. At all times herein mentioned, OFFICER FAHEY and OFFICER WORRELL were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein.

63. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages in a sum according to proof at trial;
2. Special damages in a sum according to proof at trial;
3. Punitive damages against individual defendants;
4. For injunctive relief enjoining Defendant CCSF from allowing, or ratifying the practice by any police officer employee of Defendant CCSF from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. Statutory damages, and reasonable attorney's fees pursuant to California Civil Code section 52.1.
6. Reasonable attorney fees pursuant to 42 U.S.C. sec. 1988;
7. Costs of suit incurred herein;
8. Such other and further relief as the Court may deem just and proper.

Dated: June 22, 2007

LAW OFFICES OF SANFORD M. CIPINKO

By_____
SANFORD M. CIPINKO
Attorney for Plaintiff ADRIENNE MACBETH