DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
RONALD P. FLYNN, State Bar #184186
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:   (415) 554-3901
Facsimile:   (415) 554-3837

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO,
KEVIN WORRELL, DAMIEN FAHEY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE MACBETH,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; KEVIN WORRELL, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO, DAMIEN FAHEY, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-50, individually and in their official capacities.<br><br>　　　　　Defendants. | Case No. C07-3304 MEJ<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND THROUGH NINTH CAUSES OF ACTION**<br><br>Hearing Date:　September 20, 2007<br>Hearing Judge:　Mag. Maria-Elena James<br>Time:　10:00 a.m.<br>Place:　Courtroom B, 15th Floor<br><br>Date Action Filed:　June 22, 2007<br>Trial Date:　None Set<br><br>Attached Documents:<br>(1) Request for Judicial Notice filed ISO Motion to Dismiss Second Through Ninth Causes of Action;<br>(2) Declaration of Matthew Rothschild ISO Motion To Dismiss Second Through Ninth Causes of Action |

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

TAKE NOTICE THAT on September 20, 2007 at 10:00 a.m. in Courtroom B at 450 Golden Gate Avenue, San Francisco, California, 15th Floor, defendants will and hereby do move to dismiss the second through ninth causes of action in plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This motion is based upon this notice, the attached memorandum of points and authorities, the concurrently filed declaration of Mathew Rothschild and Request for Judicial Notice, the court file for this matter, the reply brief, and any argument that may be heard.

**MEMORANDUM OF POINTS & AUTHORITIES**
**INTRODUCTION**

Plaintiff Adrienne MacBeth alleges that she was falsely arrested and had excessive force used against her when defendant Officers Kevin Worrell and Damien Fahey arrested her on March 31, 2006. She also asserts *Monell* claims against defendant City and County of San Francisco. Those allegations are the basis of Ms. MacBeth's first cause of action against all defendants pursuant to 42 U.S.C. section 1983, for alleged Fourth Amendment violations. While Ms. MacBeth will not ultimately prevail on that cause of action, it is not the subject of this motion.

Instead, this motion seeks dismissal of the eight other causes of action in the complaint. The second and third causes of action each are also pursuant to 42 U.S.C. section 1983. The second cause of action seeks relief for alleged "violation of Fourteenth Amendment." That one is barred because the specific actions complained of are covered by another amendment, the Fourth Amendment. The third cause of action seeks relief for the alleged "violation of Civil Right to Life and Liberty" under the Fourth, Fifth, and Fourteenth Amendments. That cause of action should be dismissed because for the same reason as the second and also because it fails to state facts to support its purported "equal protection" claim.

The fourth through ninth causes of action assert various state law claims. The Court need not analyze the six individual causes of action to rule on this motion. Each fails because Ms. MacBeth failed to comply with the claims filing requirement found in the California Government Code. As Ms. MacBeth's failure to comply with those requirements is a jurisdictional bar to her right to bring the state law claims, they must all be dismissed.

This motion should be granted in its entirety. Plaintiff's complaint is an attempt to convert a straightforward Fourth Amendment matter into a complicated one raising a variety of novel claims. Neither the Court nor defendants should have to spend the time and resources on the remaining causes of action, instead the parties should proceed to the only real issues in this case — those related to Ms. MacBeth's allegations of false arrest and excessive force.

## ALLEGATIONS IN THE COMPLAINT

Adrienne MacBeth's allegations relating to the validity and manner of her arrest on March 31, 2006 will ultimately not withstand scrutiny. For purposes of this motion, however, the Court must accept them as true. Ms. MacBeth alleges that she and friend (Jane Doe) were at a bar in North Beach having drinks with a stranger when the bartender accused her of having failed to pay a previous bill and, ultimately, told her to leave the bar or the police would be called. (Complaint ¶¶ 10-12.) Humiliated and insulted, Ms. MacBeth and Jane Doe left the bar and waited outside for the police to arrive. (*Id.* ¶ 12.)

Defendants Officer Worrell and Officer Fahey arrived shortly thereafter. (Complaint ¶ 13.) The officers went into the bar, and Ms. MacBeth "could hear the people inside the bar with the two officers laughing and calling them derogatory names, such as 'slut'." (*Id.*) Outraged, Ms. MacBeth kicked the bar door to show her anger. (*Id.*)

The officers then allegedly rushed outside, grabbed Ms. MacBeth, "handcuffed her wrists in an excessively tight manner," dragged her into a dark alley so passerbys would be unable to see, pushed her to the ground, and kicked her as one officer said "just do it." (Complaint ¶ 14.) When witnesses arrived on the scene, Ms. MacBeth alleges that the officers stopped kicking her, ran the witnesses off, and arrested Jane Doe. (*Id.* ¶ 15.) They then allegedly slammed Ms. MacBeth's head into the patrol car, and asked her to sign a citation—when she refused they slammed her again. (*Id.*)

Ms. MacBeth says she was taken to the hospital in an ambulance, where she was treated and released. (*Id.* ¶¶ 16-18.)  Because she still refused to sign the citation, she was taken to a police station by defendant officers where she signed the citation and was released. (*Id.* 18.)  She then alleges that defendant San Francisco had been given notice of a pattern of ongoing constitutional violations and practices of excessive force and false arrests in the North Beach area, and that San Francisco failed to take adequate measures to prevent the practice. (*Id.* ¶ 20.)

## ARGUMENT

### I.  MOTION TO DISMISS STANDARD

The Court may grant a motion to dismiss where the facts or legal theory in the complaint fail to state a claim upon which relief can be granted.  Fed. R. Civ. Proc. 12(b)(6).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  In ruling on a motion to dismiss, the general rule is that the Court may not consider any materials beyond the complaint, but an exception exists in that it may also consider matters susceptible of judicial notice.  *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).

### II.  PLAINTIFF'S SECOND CAUSE OF ACTION MUST BE DISMISSED AS THE ALLEGED CONDUCT IS GOVERNED BY THE FOURTH, NOT THE FOURTEENTH, AMENDMENT

Plaintiff's first cause of action under 42 U.S.C. section 1983 alleges that defendants acted under color of law to deprive her of "the right to be free from unreasonable search and seizures, as guaranteed by the Fourth Amendment to the United States Constitution." (Complaint ¶ 29.)  Her second cause of action pleads a distinct legal theory under section 1983:  violations of her "substantive due process protections under the Fourteenth Amendment to the United States Constitution." (*Id.* ¶ 32.)  Her substantive due process claim must be dismissed.

The first step in any action under section 1983 is to "identify the exact contours of the underlying right said to have been violated." *Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) (*citing Graham v. Connor*, 490 U.S. 386, 394 (1989).) The Fourteenth Amendment substantive due process right is understood to protect individuals from "the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice." *Id.* at 846 (quoting *Hurtado v. California*, 110 U.S. 516, 527 (1884). But the Fourteenth Amendment does not cover all aspects of alleged arbitrary government behavior. Instead "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 842. The Fourth Amendment right to be free from unreasonable searches and seizures governs the legality and manner of seizures; that Amendment governs the action "to the exclusion of any possible application of substantive due process." *Id.* at 841; *see also Baker v. McCollan*, 443 U.S. 127, 146 (1979) ("false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official"). Accordingly, plaintiff's second cause of action that alleges her the fact and manner of her arrest violates her substantive due process rights must be dismissed.

### III. PLAINTIFF'S CATCHALL THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM

Plaintiff's third cause of action, also a claim under section 1983, sets out four legal theories:

- "The right not to be deprived of life or liberty without due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution,"
- "The right to equal protection of the laws, as guaranteed by the fourteenth Amendments to the United States Constitution,"
- "The right to be free from pre-conviction punishment, seizure and force as guaranteed by the fourth, fifth, and fourteenth Amendments to the United States Constitution," and

- "The right to be free from harassment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution."

(Complaint ¶ 35.) The theories are discussed in order below.

### A.   Due Process

The first theory, due process, is based on the Fourth Amendment and Fourteenth Amendment. As to the Fourth Amendment, Ms. MacBeth asserts a Fourth Amendment claim in the first cause of action. As to the Fourteenth Amendment, that is the same legal theory as the second cause of action. So it fails to support a valid claim for the reasons stated above.

### B.   Equal Protection

The second theory sounds in the equal protection clause of the Fourteenth Amendment: No State shall deny to any person within its jurisdiction equal protection of the laws. In order to prove a claim for equal protection, a plaintiff must establish that the government official treated her differently "on the basis of an impermissible ground such as race, religion or exercise of … constitutional rights." *United States v. Kidder*, 869 F.2d 1328, 1336 (9th Cir. 1989) (ellipsis in original). She must also show that the officers selected for that different treatment because they were "motivated by a discriminatory purpose." *Id.*; *see also Williams v. City of Mt. Vernon*, 428 F.Supp.2d 146, 159-60 (S.D.N.Y. 2006) (a 12(b)(6) motion to dismiss equal protection claim granted in matter alleging false arrest and excessive force where plaintiff did not plead racial or other discrimination, but instead merely based the claim merely on the fact of his arrest).

Here, plaintiff does not plead any facts that either the defendant officers' or municipality's actions were based on any impressible ground, much less that they were motivated by discriminatory intent. To the contrary, plaintiff pleads facts that show she was selected based on (1) a call from a bartender, and (2) her decision to kick the bar door. (Complaint ¶¶ 12-13.) Her equal protection theory is not supported by factual allegations (and there is no reason to believe that she can plead such facts consistent with Rule 11). This theory does not does save her third cause of action.

### C. Pre-Conviction Punishment

The third theory is a catchall. It speaks of seizure and force under the Fourth Amendment, but that is the basis for the first cause of action. As far as defendants can ascertain, it asserts nothing that the first and second causes of action do not except the alleged "pre-conviction punishment." But such a claim has no place in this lawsuit.

Of course, a pre-trial detainee may assert claims for unconstitutional punishment; in the claims by both pre-trial detainees and post-conviction prisoners are analyzed under the same standard. *Graham v. Connor*, 490 U.S. 386, 455 (1989) (due process clause protects a pre-trial detainee from the use of excessive force that amounts to punishment); *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979); *Redman v. County of San Diego*, 942 F.2d 1435, 1441-43 (9th Cir. 1991). The inquiry is whether force was applied in a "good faith effort to maintain or restore discipline," or rather "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (*quoting Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)); J*effers v. Gomez*, 267 F.3d 895, 912-13 (9th Cir. 2001). But that standard does not apply until the detainee is found to be in lawful custody (by arraignment or warrant). *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996). Here, Ms. MacBeth alleges only that she was arrested and released in short order by the same officers who arrested her. Thus, the Fourth Amendment covers the allegations. If plaintiff intends some other theory, she should explicitly state those allegations. As pled, there are no facts to support her "right to be free from pre-conviction punishment" theory, so it does not support her third cause of action.

### D. Harassment

The fourth theory, the right to be from harassment purports to sound in the Fourth, Fifth and Fourteenth Amendments. Of course, the Fifth Amendment, which contains a due process clause, does not regulate state actors; instead it regulates the Federal Government and actors. *Lee v. City of Los Angeles*, 250 F.2d 668, 687 (9th Cir. 2001). So even assuming that there is a right to be free from "harassment" and that a single incident would constitute "harassment," Ms. MacBeth is back arguing that she has a constitutional right under the Fourteenth Amendment substantive due process clause. For the same reasons listed above, there is no such independent right. The same conduct is

1  at issue – Ms. MacBeth alleges it violates her right to be free from unreasonable seizure.  That is her

2  first cause of action.  There is no support in either the law or the facts to support Ms. MacBeth's third

3  cause of action.

### IV.  THE STATE LAW CAUSES OF ACTION FAIL AS A MATTER OF LAW FOR FAILURE TO COMPLY WITH CALIFORNIA CLAIMS REQUIREMENTS

The state law causes of action against defendants San Francisco and Officers Worrell and Fahey must be dismissed because under California law, a plaintiff suing a public entity or a public employee must first file a tort claim with the public entity.  Cal. Gov. Code §§ 905, 910, 950.2.  In a federal case, causes of action arising from California law are subject to the claim filing requirements and the law governing such claims.  *Karim-Panahi v. LAPD*, 839 F.2d 621, 627 (9th Cir. 1988).  Failure to file a claim within a year of the event is a jurisdictional bar to any claim.  *Santee v. Santa Clara City Office of Educ.*, 220 Cal.App.3d 702, 713 (1990).  Here, Ms. MacBeth does not allege that she satisfied the requirement, so her claims must be dismissed.

Nor can she amend to allege that she satisfied the requirement, but she had not done so.  (Rothschild Decl. ¶ 2.)  The Court may take judicial notice of public records.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  A matter judicially noticed may be considered along with the complaint without converting a 12(b)(6) motion into a summary judgment motion.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Here, Ms. MacBeth alleges that the arrest took place more than a year ago, on March 31, 2006.  (Complaint ¶ 10.)  She has not and cannot allege that she complied with the claims statute.  Accordingly, all of her state law causes of action, four through nine, fail as a matter of law and should be dismissed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Motion to Dismiss                                                                7                                               n:\lit\li2007\080052\00428814.doc
MacBeth v. CCSF Case No.  C07-3304 MEJ

Motion to Dismiss  
MacBeth v. CCSF Case No.  C07-3304 MEJ                                                                7                                               n:\lit\li2007\080052\00428814.doc

# CONCLUSION

Plaintiff's attempt to convert her false arrest and excessive force claims into nine causes of action based on any number of federal and state law theories is not supported by the facts or the law. If she truly believes she was falsely arrested and abused (which she wasn't) then the parties should address those claims, not the myriad of other needless and baseless causes of action in her complaint. The Court should grant defendants' motion to dismiss the second through ninth causes of action in its entirety.

Dated:  August 13, 2007

                                        DENNIS J. HERRERA
                                        City Attorney
                                        JOANNE HOEPER
                                        Chief Trial Deputy
                                        RONALD P. FLYNN
                                        Deputy City Attorney

                                           -/s/-   *Ronald P. Flynn*
                            By:_____
                                        RONALD P. FLYNN

                                        Attorneys for Defendants
                                        CITY AND COUNTY OF SAN FRANCISCO
                                        KEVIN WORRELL, and DAMIEAN FAHEY