```
 1  SANFORD M. CIPINKO, Esq., SBN 88102
    JEREMY CLOYD, Esq., SBN 239991
 2  LAW OFFICES OF SANFORD M. CIPINKO
    55 FRANCISCO STREET, SUITE 403
 3  SAN FRANCISCO, CA 94133
    VOICE:     (415) 693-9905
 4  FACSIMILE: (415) 693-9904
 5
    Attorneys for Plaintiff
 6  ADRIENNE MACBETH
 7
```

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE MACBETH, | Case No. C07-03304 MEJ |
| Plaintiff, | |
| vs. | **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND THROUGH NINTH CAUSES OF ACTION** |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; KEVIN WORRELL, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; DAMIEN FAHEY, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-50, individually and in their official capacities. | Date:  September 20, 2007<br>Time:  10:00 a.m.<br>Judge: Mag. Maria-Elena James<br>Place: Courtroom B, 15th Floor |
| Defendants. | |

### MEMORANDUM OF POINTS AND AUTHORITIES

I.  **PLAINTIFF STATES A CLAIM UNDER THE 14th AMENDMENT AGAINST BOTH THE CITY AND THE INDIVIDUAL OFFICERS**

A §1983 claim covered by a specific constitutional provision, such as the Fourth Amendment, must be analyzed under the standard for that specific provision. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998)(citing, United States v. Lanier, 520 U.S. 259, 272 n.7 (1997).)  However, not every "governmentally caused termination of an

individual's freedom of movement" is covered by the Fourth Amendment, which only covers constitutional "seizures." Id. at 844. Substantive due process rights protect persons from arbitrary actions by government actors. Id. at 845. Reading these rules together, plaintiff's excessive force claims may be analyzed under the Fourth Amendment if the officers arbitrarily used excessive force independent of their goal of performing a "seizure."

Here, plaintiff alleges excessive force independent from the excessive force used to "seize" her. Furthermore, the Complaint states an independent violation of substantive due process rights against the City for following policies or procedures that would allow such officers to work in a public contact position and violate plaintiff's constitutional rights.

### a. SUBSTANTIVE DUE PROCESS ANALYSIS IS PROPER WHERE GOVERNMENT OFFICIALS ARBITRARILY USE EXCESSIVE FORCE

The substantive component of due process is violated by action "properly characterized as arbitrary, or conscience shocking, in a constitutional sense." Id. at 847. Many courts have found that egregious government conduct in the form of excessive and brutal use of physical force by government officials violates substantive due process rights against arbitrary action. See e.g. Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987)(officers choked and then shot husband involved in a domestic dispute)(overruled on other grounds in Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999)); see also Rutherford v. City of Berkeley, 780 F.2d 1444, 1446 (9th Cir. 1986)(police officers punched and kicked detainee after throwing him to ground without arresting him)(overruled on other grounds in Graham v. Connor, 490 U.S. 386 (1989). These cases demonstrate that where officers' intent to harm is independent from the intent to search or seize, substantive due process analysis is proper.

Here, plaintiff alleges that the officers handcuffed her, took her into a dark alley behind their patrol car, pushed her onto her face and then began kicking her while she was still handcuffed. Plaintiff further alleges that these officers slammed her head

against their patrol car when she would not sign a citation. The officers beat her so severely while she was handcuffed and lying face down, that she required emergency care. This conduct "shocks the conscience" and shows an intent to arbitrarily harm Ms. Macbeth that is separate and apart from the goal of seizing her. The substantive due process claims against the officers are therefore proper and should not be dismissed.

### b. SUBSTANTIVE DUE PROCESS ANALYSIS IS PROPER WHERE THE CITY FOLLOWS POLICIES OR PROCEDURES THAT RESULT IN CONSTITUTIONAL VIOLATIONS

The §1983 claim for 14th Amendment violations is also proper as to the City. If it can be shown, as plaintiff alleges, that she suffered a deprivation of life or liberty because the officers followed a policy reflecting the City's deliberate indifference to constitutional rights, then the City is directly liable under section 1983 for causing a violation of the plaintiff's Fourteenth Amendment rights. See Fagan v. City of Vineland, 22 F.3d 1283, 1291-92 (3d Cir. 1994). In Fagan, the court held that a municipality could be held liable under §1983 and the Fourteenth Amendment for failure to train its police officers with respect to high-speed automobile chases, even if no individual officer violated the Constitution. Id.

The Ninth Circuit follows Fagan's concept that an independent violation of constitutional rights exists against the City where the City's policies or procedures cause an Officer to violate the constitutional rights of another. See Hopkins v. Andaya, 958 F.2d 881, 888 (9th Cir. 1992)(government could be held liable even where individual officer was exonerated since they put a poorly trained officer on the street)(overruled on other grounds in Martinez v. County of Los Angeles, 47 Cal.App.4th 334 (1996).

The Complaint alleges that the City has "been given notice on repeated occasions of a pattern of ongoing constitutional violations" specifically in the North Beach area and that the City has failed to respond by adequately supervising or training their employees that creating an environment that tolerates and promotes the continued use of excessive force against citizens. The Complaint further alleges that the acts of

Officer Worrel and Officer Fahey "are the direct and proximate result of the deliberate indifference and policy and/or practice" of the City.

Plaintiff therefore states a Fourteenth Amendment claim against the City because the individual officers were following a practice or policy that encouraged the use of excessive force in the North Beach area at the time that they violated plaintiff's constitutional rights and therefore the claim under the Fourteenth Amendment should not be dismissed.

II.  **NON-OPPOSITION TO DISMISSAL OF THIRD THROUGH NINTH CAUSES OF ACTION**

Plaintiff does not oppose Defendants' motion as it relates to the Third through Ninth Causes of Action. Plaintiff filed the state law claims under the belief that an Erie and Guaranty Trust analysis would forgive the procedural requirement of a government claim. Upon further research, plaintiff discovered the case of Gatto v. County of Sonoma, 98 Cal.App.4th 744, 764 (2002), which appears to preclude this conclusion.

III.  **CONCLUSION**

Upon further research and reflection, plaintiff does not oppose dismissal of the third through ninth causes of action. However, plaintiff does state a claim for violations of her substantive due process rights against both the individual officers and the City, and therefore the second cause of action should not be dismissed. Respectfully submitted,

Dated: August 31, 2007          LAW OFFICES OF SANFORD M. CIPINKO


By____/s/_____
     JEREMY CLOYD
     Attorneys for Plaintiff ADRIENNE MACBETH