IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE MACBETH,<br><br>         Plaintiff(s),<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br>et al.,<br><br>         Defendant(s).<br>_____/ | No. C 07-3304 MEJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND THROUGH NINTH CAUSES OF ACTION**<br><br>**ORDER VACATING OCTOBER 11, 2007 HEARING AND SCHEDULING CMC ON NOVEMBER 15, 2007 AT 10:00 A.M.** |

## I.   INTRODUCTION

Before the Court is Defendants City and County of San Francisco, Kevin Worrell, and Damien Fahey's ("Defendants") Motion to Dismiss Second through Ninth Causes of Action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court finds a hearing unnecessary and VACATES the October 11, 2007 hearing. After consideration of the parties' papers, relevant statutory and case law authority, and good cause appearing, the Court hereby GRANTS Defendants' motion for the reasons set forth below.

## II.   BACKGROUND

**A.   Factual Background**

The following factual allegations are taken from the complaint. On March 31, 2006, Plaintiff Adrienne MacBeth ("Plaintiff") and her friend, Jane Doe, were at a bar in North Beach having drinks with a stranger when the bartender accused Plaintiff of having failed to pay a previous bill and, ultimately, told her to heave the bar or the police would be called. (Compl. ¶¶ 10-12.) Humiliated

and insulted at being confronted like this in public, Jane Doe agreed that the police should be called; Plaintiff and Jane Doe then left the bar and waited outside for the police to arrive. (Compl. ¶ 12.)

Defendant Officers Kevin Worrell and Damien Fahey arrived by patrol car shortly thereafter. (Compl. ¶ 13.) The officers went into the bar, and Plaintiff "could hear the people inside the bar with the two officers laughing and calling them derogatory names, such as 'slut.'" (Compl. ¶ 13.) Outraged, Plaintiff kicked the bar door to show her anger. (Compl. ¶ 13.) Within seconds, Officers Worrell and Fahey rushed outside, grabbed Plaintiff, "handcuffed her wrists in an excessively tight manner," dragged her behind their patrol car in a dark alley so passersby would be unable to see, pushed her to the ground such that she landed on her face, and began kicking her while she was handcuffed on the ground. (Compl. ¶ 14.). Plaintiff felt at least one extremely forceful kick to her body and recalls one of the officers said "just do it." (Compl. ¶ 14.)

Meanwhile, Jane Doe was yelling for passersby to come to Plaintiff's aid. (Compl. ¶ 15.) When Jane Doe flagged two witnesses and showed them what was happening, the officers stopped kicking Plaintiff, ran the witnesses off, and arrested Jane Doe. (Compl. ¶ 15.) They then slammed Plaintiff's head into the patrol car and asked her to sign a citation. (Compl. ¶ 16.) When Plaintiff refused, they slammed her head against the patrol car even harder, causing blood to "gush down the side of her head." (Compl. ¶ 16.)

Eventually an ambulance arrived at the scene to attend to Plaintiff, who was so seriously injured that she was taken to the Trauma Center at San Francisco General Hospital. (Compl. ¶¶ 16-17.) Officers Fahey and Worrell escorted Plaintiff to the hospital, but refused to loosen the handcuffs until a doctor at the hospital advised the officers that they needed to be loosened because they were injuring her. (Compl. ¶ 17.) After the hospital released Plaintiff, Officers Fahey and Worrell took her to the police station where, upon learning that she would not be released until she signed the citation, Plaintiff signed the citation and was released. (Compl. ¶ 18.)

As a result of the incident, Plaintiff suffered injuries including bruises, serious back and hip problems, and walking with a limp because of right hip and back pain. (Compl. ¶ 17.) Plaintiff also alleges severe emotional and mental distress, medical expenses, loss of past and future income, and

attorney's fees and expenses. (Compl. ¶¶ 22-27.)  Finally, Plaintiff alleges that Defendant City and County of San Francisco ("the City") had been given notice of a pattern of ongoing constitutional violations and practices of excessive force and false arrests in the North Beach area, and that the City failed to take adequate measures to prevent the practice.  (Compl. ¶ 20.)

**B.     Procedural Background**

On June 22, 2007, Plaintiff filed a Complaint for damages and injunctive relief.  Plaintiff alleges causes of action under 42 U.S.C. § 1983 and California Civil Code section 52.1, as well as five torts - battery, assault, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.

On August 13, 2007, Defendants filed the present Motion to Dismiss, as well as the Declaration of Matthew Rothschild in support thereof and a Request for Judicial Notice.

On August 31, 2007, Plaintiff filed an Opposition.

On September 27, 2007, Defendants filed a Reply.

### III.     DISCUSSION

In their motion, Defendants seek dismissal of Plaintiff's Second through Ninth Causes of Action.  Defendants argue the second cause of action, which seeks relief for alleged "violation of Fourteenth Amendment," is barred because the specific actions complained of are covered by the Fourth Amendment, which Plaintiff alleges in her first cause of action.  Defendants also argue the third cause of action, which seeks relief for the alleged "violation of Civil Right to Life and Liberty" under the Fourth, Fifth, and Fourteenth Amendments should be dismissed for the same reason as the second, and also because it fails to state facts to support its equal protection claim.  Finally, as to the fourth through ninth causes of action, Defendants argue that each claim fails because Plaintiff failed to comply with the claims filing requirement found in the California Government Code.

In her Opposition, Plaintiff states that she does not oppose Defendants' motion as it relates to the third through ninth causes of action.  Accordingly, those causes of action are DISMISSED WITH PREJUDICE.  Thus, only Plaintiff's second cause of action is at issue.  As to that cause of action, Plaintiff argues that her complaint states an independent violation of substantive due process

rights against the City. Plaintiff further argues that she alleges excessive force independent from the excessive force used to "seize" her.

**A.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). FRCP 8(a), which states that plaintiff's pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," provides the standard for judging whether such a cognizable claim exists. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). This standard is a liberal one that does not require plaintiff to set forth all the factual details of his claim; rather, all that the standard requires is that plaintiff give defendant fair notice of the claim and the grounds for making that claim. *Leatherman v. Tarrant County Narcotics Intell & Coord Unit*, 507 U.S. 163, 168 (1993) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Under FRCP 12(b)(6), a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Conley*, 355 U.S. at 45-46. All material allegations in the complaint must be taken as true and construed in the light most favorable to plaintiff. *In re Silicon Graphics, Inc. Sec Litig.*, 183 F.3d 970, 983 (9th Cir. 1999).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.    Application to the Case at Bar**

Plaintiff's first cause of action under 42 U.S.C. § 1983 alleges that Defendants acted under color of law to deprive her of "the right to be free from unreasonable search and seizures, as guaranteed by the Fourth Amendment to the United States Constitution." (Compl. ¶ 29.) Her second cause of action pleads a distinct legal theory under § 1983: violations of her "constitutionally

protected rights, including but not limited to substantive due process protections under the Fourteenth Amendment to the Unites States Constitution." (Compl. ¶ 32.) Defendants argue that this substantive due process claim must be dismissed.

In any action under § 1983, "the first step is to identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). The Fourteenth Amendment substantive due process right is understood to protect individuals from "the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice." *Id.* at 846 (quoting *Hurtado v. California*, 110 U.S. 516, 527 (1884)). However, the Fourteenth Amendment does not cover all aspects of alleged arbitrary government behavior. Instead, "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 842. Thus, the Fourth Amendment right to be free from unreasonable searches and seizures governs the legality and manner of seizures; that Amendment governs the action "to the exclusion of any possible application of substantive due process." *Id.* at 841. Accordingly, Plaintiff's second cause of action should be dismissed.

In her opposition, Plaintiff raises two arguments in support of her second cause of action. First, Plaintiff cites to *County of Sacramento v. Lewis* and argues that her excessive force claims may be analyzed under the Fourteenth Amendment if the officers arbitrarily used excessive force independent of their goal of performing a "seizure." This argument is without merit. In *Lewis*, the Supreme Court found that the § 1983 claim at issue must be analyzed under the Fourteenth Amendment's substantive due process clause because no search or seizure had occurred, so the Fourth Amendment could not apply. 523 U.S. at 843. Here, Plaintiff alleges Fourth Amendment violations and, as discussed above, the more generalized notion of substantive due process does not apply where a particular Amendment provides constitutional protection. *Id.* at 842.

Plaintiff also argues that her second cause of action may proceed against the City because it

is directly liable even if no individual officer violated her constitutional rights. Plaintiff's argument is, again, without merit. If it is found that the individual officers did not deprive Plaintiff of her constitutional rights, such finding would be dispositive of her municipal liability claim. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("[N]either *Monell* [] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact . . . the officer inflicted no constitutional harm.").

Plaintiff cites *Hopkins v. Andaya*, 958 F.2d 881, 888 (9th Cir. 1992), for the proposition that a government entity can be held liable for putting poorly trained officers on the street even where the individual officers are exonerated. In *Hopkins*, the Ninth Circuit noted that even if officers were to be individually exonerated, the government may still be held liable for improper training. *Id.* However, given the rule of law set out in *Heller*, the Ninth Circuit has subsequently made clear that *Hopkins* creates municipal liability only when a plaintiff proves a constitutional violation, but an officer is exonerated due to qualified immunity. *See Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996) (distinguishing *Hopkins* and holding that where trier of fact found individual officers did not deprive plaintiff of Fourth Amendment rights, trial court "correctly entered judgment" for municipality on municipal liability claim); *see also Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("unlike the situation in *Hopkins* [], there was no violation of the decedent's constitutional rights, and thus no basis for finding the officers inadequately trained"); *Wilkins v. City of Oakland*, 2006 WL 305972, *1 n.2 (N.D. Cal. 2006) ("*Hopkins* should not be read as standing for the proposition that a municipality may be held liable in the absence of a constitutional violation by the individual defendant."). Accordingly, Plaintiff cannot proceed on both her first and second causes of action, and her second cause of action is DISMISSED WITH PREJUDICE.

### IV.   CONCLUSION

Based on the foregoing analysis, the Court hereby GRANTS Defendants' motion to dismiss Plaintiff's Second through Ninth Causes of Action. As Plaintiff's First Cause of Action remains pending, the Court shall conduct a Case Management Conference on November 15, 2007 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. The parties

shall file a joint case management statement no later than November 8, 2007.

**IT IS SO ORDERED.**

Dated: October 5, 2007

MARIA ELENA JAMES
United States Magistrate Judge