1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  RONALD P. FLYNN, State Bar #184186
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3901
6  Facsimile:    (415) 554-3837

7  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
8  KEVIN WORRELL, and DAMIEN FAHEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ADRIENNE MACBETH, | Case No. C07-3304 MEJ |
|---|---|
| Plaintiff, | **DEFENDANTS' ANSWER** |
| vs. | **AND** |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; KEVIN WORRELL, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO, DAMIEN FAHEY, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-50, individually and in their official capacities. | **DEMAND FOR JURY TRIAL**<br><br>Date Action Filed:    June 22, 2007<br>Trial Date:                None Set |
| Defendants. | |

Defendants City and County of San Francisco ("CCSF"), Kevin Worrell (individually and in his official capacity as a police officer), and Damien Fahey (individually and in his official capacity as a police officer) (collectively "Defendants"), hereby answer Plaintiff ADRIENNE MACBETH's COMPLAINT.[1]  Defendants deny all allegations of wrongdoing and all allegations giving rise to liability or damages.

**RESPONSE TO AVERMENTS**

Responding to the introductory statements, defendants lack sufficient information to enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendants deny the allegations.

1. Answering paragraph 1 of the complaint, defendants admit that the action arises under Title 42 of the United States Code, section 1983 and that the Court has jurisdiction under sections 1331 and 1343 for the 1983 claims, and that the acts underlying the complaint are alleged to have occurred in this judicial district.  Defendants otherwise deny the allegations.

2. Answering paragraph 2 of the complaint, Defendants deny the allegations.

3. Answering paragraph 3 of the complaint, Defendants lack sufficient information to enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4. Answering paragraph 4 of the complaint, Defendants admit the allegations.

5. Answering paragraph 5 of the complaint, Defendants admit the allegations.

6. Answering paragraph 6 of the complaint, Defendants admit the allegations.

7. Answering paragraph 7 of the complaint, Defendants lack sufficient information to enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

---

[1] The Court granted Defendants motion to dismiss causes of action two through nine without leave to amend, the Answer concerns the only remaining cause of action, number one.

8. Answering paragraph 8 of the complaint, Defendants lack sufficient information to enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

9. Answering paragraph 9 of the complaint, Defendants lack sufficient information to enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

10. Answering paragraph 10 of the complaint, Defendants lack sufficient information to enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

11. Answering paragraph 11 of the complaint, Defendants lack sufficient information to enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

12. Answering paragraph 12 of the complaint, Defendants lack sufficient information to enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

13. Answering paragraph 13 of the complaint, Defendants admit that Officer Worrell and Officer Fahey arrived at the scene, parked a police vehicle, entered the bar, and that plaintiff kicked the bar door. Defendants otherwise deny the allegations.

14. Answering paragraph 14 of the complaint, Defendants admit that Officer Worrell and Officer Fahey lawfully detained plaintiff. Defendants otherwise deny the allegations.

15. Answering paragraph 15 of the complaint, Defendants deny that they kicked plaintiff as she lay handcuffed on the ground, that they stopped kicking plaintiff (as they never kicked her in the first instance), and that they threatened to arrest witnesses. Defendants admit that plaintiff was lawfully arrested. Defendants otherwise lack sufficient information to enable them to form a belief as to the truth of the allegations, on that basis, deny the allegations.

16. Answering paragraph 16 of the complaint, Defendants admit that plaintiff bumped her head as she was resisting being placed in the police vehicle, that plaintiff refused to sign a citation to

1  be released, and that Officers called an ambulance and an ambulance arrived to attend plaintiff.
2  Defendants otherwise deny the allegations.

3      17.    Answering paragraph 17 of the complaint, Defendants admit that plaintiff was taken
4  to San Francisco General Hospital where she was examined and released. Defendants otherwise
5  lack sufficient information to enable them to form a belief as to the truth of the allegations in this
6  paragraph and, on that basis, deny the allegations.

7      18.    Answering paragraph 18 of the complaint, Defendants admit that plaintiff was taken
8  to be booked, signed a citation and was released. Defendants otherwise lack sufficient information
9  to enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis,
10 deny the allegations.

11     19.    Answering paragraph 19 of the complaint, Defendants lack sufficient information to
12 enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis,
13 deny the allegations.

14     20.    Answering paragraph 20 of the complaint, Defendants deny the allegations.

15     21.    Answering paragraph 21 of the complaint, Defendants deny the allegations.

16     22.    Answering paragraph 22 of the complaint, Defendants lack sufficient information to
17 enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis,
18 deny the allegations. Defendants also deny that plaintiff is entitled to any relief.

19     23.    Answering paragraph 23 of the complaint, Defendants lack sufficient information to
20 enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis,
21 deny the allegations. Defendants also deny that plaintiff is entitled to any relief.

22     24.    Answering paragraph 24 of the complaint, Defendants lack sufficient information to
23 enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis,
24 deny the allegations. Defendants also deny that plaintiff is entitled to any relief.

25     25.    Answering paragraph 25 of the complaint, Defendants lack sufficient information to
26 enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis,
27 deny the allegations. Defendants also deny that plaintiff is entitled to any relief.

28

26. Answering paragraph 26 of the complaint, Defendants deny the allegations. Defendants also deny that plaintiff is entitled to any relief.

27. Answering paragraph 27 of the complaint, Defendants lack sufficient information to enable them to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations. Defendants also deny that plaintiff is entitled to any relief.

28. Answering paragraph 28 of the complaint, Defendants re-states and incorporates by reference paragraphs 1 through 27 of this answer.

29. Answering paragraph 29 of the complaint, Defendants admit the Officer Worrell and Officer Fahey acted under color of law. Defendants otherwise deny the allegations.

30. Answering paragraph 30 of the complaint, Defendants deny the allegations.

Responding to the prayer for relief set forth at page 13, Defendants deny that plaintiff has been damaged in any sum or at all as a consequence of any action by Defendants and deny that plaintiff is entitled to any relief at all and deny any wrongdoing.

WHEREFORE, defendants pray for judgment as hereafter set forth.

Defendants also allege the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendants allege that the Complaint and each and every allegation contained therein, whether considered singly or in any combination, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Privileged and Justified Conduct)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendants allege that their conduct at all times material herein was privileged and/or justified under applicable law.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendants allege that the Complaint is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendants allege that, by her conduct, plaintiff has waived any right to recover any relief by the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants allege that plaintiff has failed to use due diligence to mitigate her damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

As a separate and affirmative defense to the Complaint and to each and every allegation therein, Defendants allege that the actions complained of are protected by the doctrine of qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim under *Monell*)

As a separate and affirmative defense to the Complaint and to each and every allegation therein, CCSF alleges that the Complaint fails to state a federal civil rights claim against CCSF under the doctrine announced in *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent or Exigent Circumstances Existed)

Defendants allege that any or all searches or seizures of plaintiff's property or person were legally justified as plaintiff consented and/or exigent circumstances existed.

### NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Conduct was a Proximate Cause)

Defendants allege that at all times mentioned in Plaintiff's Complaint herein, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; and that as a consequence, plaintiff's claims are barred.

### TENTH AFFIRMATIVE DEFENSE

### (Probable Cause)

Defendants allege that at all times material hereto the officers of the San Francisco Police Department named herein had reasonable and/or probable cause to detain and restrain plaintiff, based on Sections of the California Penal Code and/or on information received from others.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Scope of Employment)

Defendant CCSF alleges that it is not liable for any acts or omission of its employees that occurred outside of those employees' scope of employment.

WHEREFORE, Defendants pray for judgment as follows:

1. That plaintiff take nothing from Defendants;
2. That the Complaint be dismissed with prejudice;
3. That Defendants recover costs of suit herein, including attorney's fees; and
4. For such other relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Defendants demand a jury trial.

Dated: October 22, 2007

                    DENNIS J. HERRERA
                    City Attorney
                    JOANNE HOEPER
                    Chief Trial Deputy
                    RONALD P. FLYNN
                    Deputy City Attorney

                     *-/s/-   Ronald P. Flynn*
            By:_____
                    RONALD P. FLYNN

                    Attorneys for Defendants
                    CITY AND COUNTY OF SAN FRANCISCO,
                    KEVIN WORRELL, and DAMIEN FAHEY