1  SANFORD M. CIPINKO, Esq., SBN 88102
   JEREMY CLOYD, Esq. SBN 239991
2  LAW OFFICES OF SANFORD M. CIPINKO
   55 FRANCISCO STREET, SUITE 403
3  SAN FRANCISCO, CA 94133
   VOICE:      (415) 693-9905
4  FACSIMILE:  (415) 693-9904

5

6

7

8            UNITED STATES DISTRICT COURT FOR THE

9            NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12  ADRIENNE MACBETH,                    )  Case No. C07-03304 MEJ
                                         )
13              Plaintiff,               )
                                         )
14      vs.                              )  **JOINT CASE MANGEMENT**
                                         )  **STATEMENT AND [PROPOSED] CASE**
15                                       )  **MANAGEMENT ORDER**
                                         )
16  CITY AND COUNTY OF SAN               )  ORDER VACATING NOVEMBER 15
    FRANCISCO, a municipal corporation;  )  CMC
17  KEVIN WORRELL, individually and in his )
    official capacity as a police officer for the )
18  CITY AND COUNTY OF SAN               )
    FRANCISCO; DAMIEN FAHEY,             )
19  individually and in his official capacity as a )
    police officer for the CITY AND COUNTY )
20  OF SAN FRANCISCO; and DOES 1-50,     )
    individually and in their official capacities. )
21                                       )
                                         )
22                                       )
                                         )
23              Defendants.              )
                                         )
24  _____

25      The parties to the above-entitled action submit this Joint Case Management

26  Statement and [Proposed] Case Management Order and request the Court to adopt it

27  as the Case Management Order in this case, pursuant to Federal Rule of Civil

28  Procedure 16 and Civil Local Rule 16-10(b).

| | |
|---|---|
| 1 | **JOINT CASE MANAGEMENT STATEMENT** |
| 2 | **1. Jurisdiction and Service:** |
| 3 | This action arises under 42 U.S.C. §§1983, 1988 and California state law. |
| 4 | Jurisdiction is conferred upon this court by 28 U.S.C. §§1331 and 1343.  Service on the |
| 5 | defendants is complete. |
| 6 | **2. Facts** |
| 7 | Plaintiff Adrienne Macbeth alleges that on March 31, 2006, Officers Kevin Worrell |
| 8 | and Damien Fahey of the San Francisco Police Department handcuffed her, took her to |
| 9 | an alley and then beat her lying face down and handcuffed when she kicked the door to |
| 10 | a bar.  Plaintiff further alleges that when she refused to sign a citation her head was |
| 11 | struck against the officers' patrol car. |
| 12 | Plaintiff claims that the above facts represent excessive use of force by officers |
| 13 | of the City and County of San Francisco and that said use of force is symptomatic of the |
| 14 | City and County of San Francisco's policies, procedures, and training of officers, |
| 15 | particularly in the North Beach area of San Francisco. |
| 16 | Defendants deny the allegations. |
| 17 | The parties dispute the reasons and necessity for the use force and the extent to |
| 18 | which force was used. |
| 19 | **3. Legal Issues** |
| 20 | The parties dispute the legality of the search and seizure under the Fourth |
| 21 | Amendment, specifically with regards to the use of force. |
| 22 | **4. Motions** |
| 23 | Defendants filed a motion to dismiss causes of action 2-9, which was granted. |
| 24 | There are no pending motions.  Defendants may file a motion for summary judgment. |
| 25 | **5. Amendment of Pleadings** |
| 26 | The parties do not expect to amend the pleadings. |
| 27 | **6. Evidence Preservation** |
| 28 | Plaintiff has notified defendants that the Office of Citizen Complaints has a file |

1  related to this action that includes photographs and video, which have not been

2  released to plaintiffs.

3         Defendants have requested that evidence be preserved.

4  **7. Disclosures**

5         There has been timely compliance with the initial disclosure requirements of Fed.

6  R. Civ. P. 26(f).  Plaintiff's disclosures included a list of witnesses, a calculation of

7  damages and copies of supporting documentation.  Defendants' disclosures include a

8  list of witnesses and a list of documents in the custody or control of defendants.

9  **8. Discovery**

10        The parties do not anticipate any need for departure from Magistrate Judge

11  Maria-Elena James standing order regarding discovery.

12        Plaintiff's position is that due to the number of witnesses, it is likely that there will

13  be approximately twelve depositions in total, exclusive of expert witnesses.  Plaintiff has

14  produced her medical records, billing records and supporting employment records (with

15  the exception of psychiatric records, which are being located).

16        Plaintiff will request that defendant produce the documents identified in their

17  initial disclosures as well as: the internal affairs files regarding misconduct complaints;

18  policies and procedures manual; forms used by internal affairs for recording and

19  processing complaints; annual reports of the internal affairs division; a listing of

20  complaints; investigation case files; audits and reviews of the officers' unit; complaints

21  involving administrative violations by the officers; use of force reports for the officers;

22  records of arrests by the individual officers; reports regarding injuries received by the

23  officers; reports regarding injuries to persons arrested by the officers; performance

24  evaluations; and training materials that concern the use of force.

25        Defendants will need to take discovery of witnesses to the event as well as

26  discovery relating to plaintiff's damages claims (physical and psychological claims, and

27  lost wage claims).  At this point it is too early for defendants to determine if they will

28  need to request additional depositions.

**9. Class Actions**

Not applicable

**10. Related Cases**

None

**11. Relief**

Plaintiff seeks monetary damages as follows: Medical Expenses of $1807.33 (excluding psychiatrist costs, which plaintiff is locating); Lost income of $119,000.00 (calculated by a $62,000.00 annual salary plus a minimum of commission of 2% on $2,000,000.00 for 14 months); General Damages of $3,000,000.00 (estimated).

**12. Alternative Dispute Resolution:**

The parties have discussed and request the following court ADR process: mediation with another magistrate judge to be set before July 2008. Discovery important to settlement includes: depositions of plaintiff and defendants and disclosure of the documents listed in paragraph 8 above.

Defendants believe that discovery into plaintiff's damages claims will be necessary for any settlement discussions to be meaningful.

**13. Consent to Magistrate Judge for All Purposes:**

The parties have both consented to the assignment of this case to a United States Magistrate Judge for Trial and have filed their consent forms with the Court.

**14. Other References:**

The parties do not feel that this case is appropriate for other references.

**15. Narrowing of Issues:**

None

**16. Expedited Scheduling:**

Plaintiff believes that this case can be prepared for trial by July 2008. Defendants believe that this case will not be ready for trial until November 2008 or later.

**17. Scheduling:**

The parties do not believe any reason exists for departure from the scheduling

1  set forth in the attached proposed order.

2  **18. Trial**

3      The case will be tried to a jury.  The parties  anticipate that the trial may last 10

4  court days.

5  **19. Disclosure of Non-Party Interested Entities or Persons:**

6      Plaintiff is unaware of entities with either a financial interest in the subject matter

7  of the controversy or any other kind of interest that could be substantially affected by the

8  outcome of the proceeding.  Defendants are exempt from the disclosure requirement as

9  a government entity.

10

11  DATED: _____          LAW OFFICES OF SANFORD M. CIPINKO

12

13                                   By:_____

14                                       SANFORD M. CIPINKO
                                         Attorneys for Plaintiff
15
    DATED: _____
16

17                                   By:_____
                                         RONALD P. FLYNN
18                                       Attorneys for Defendants

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER    5
CASE NO. C07-03304 MEJ

1                       ~~[PROPOSED]~~ CASE MANAGEMENT ORDER

2           Pursuant to Fed.R.Civ.P. 16, the Court conducted a case management

3    conference on November 15, 2007.

4    **A.    ADR Program**                          a settlement conference with a

5           1.  The parties are hereby referred to __magistrate judge_____.

6           2.  The parties shall file their ADR certification by the date assigned by the

7               initial case management schedule received from the Clerk of the Court,

8               pursuant to Civil L.R. 16-8.

9    **B.    Jury ~~or Court~~ Trial:**

10          1.  The parties shall designate in both their pleadings and joint case

11              management statement whether the trial request is a jury trial or court trial:

12              [x] Plaintiff requests a jury trial;

13              [x] Defendants request a jury trial

14   **C.    Pretrial Motions:**

15          1.  All pretrial motions shall be filed in accordance with Civil L.R. 7.  A motion

16              shall be noticed pursuant to Civil L.R. 7-2 without calling the Court.  Civil

17              law and motion is heard on Thursday mornings at 10:00 a.m.

18   **D.    Discovery:**

19          1.  The parties shall abide by Judge James' standing order regarding

20              discovery and dispute procedures.

21   **E.    Disclosure of Expert Witnesses:**

22          1.  Any party wishing to present expert witness testimony with respect to a

23              claim or defense shall serve on all other parties the name, address,

24              qualifications, resume, and a written report which complies with Federal

25              Rule of Civil Procedure 26(a)(2)(B) on or before __5/12/08_____ (210 days

26              before trial).

27          2.  This disclosure must be made with respect to a person who is either (a)

28              specifically retained or specially employed to provide expert testimony

---
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER    6
CASE NO. C07-03304 MEJ

1    pursuant to Federal Rule of Evidence 702 or (b) a regular employee or

2    agent or treating physician who may be called to provide expert opinion

3    testimony.

4    3.  A party or counsel has a continuing duty to supplement the disclosure of

5    expert witnesses when required under Federal Rule of Civil Procedure

6    26(e)(1).

7  **F.    Rebuttal Expert Witnesses:**

8    1.  If the testimony of the expert is intended solely to contradict or rebut

9    opinion testimony on the same subject matter identified by another party,

10    the party proffering a rebuttal expert shall make the disclosures required

11    by Federal Rule of Civil Procedure 26(a)(2)(B), no later than _5/22/08_

12    (200 days before the trial).

13  **G.    Limitation on Testimony by Expert Witnesses:**

14    1.  Unless the parties enter into a written stipulation otherwise, upon timely

15    objection, an expert witness shall be precluded from testifying about any

16    actions or opinions not disclosed prior to the expert's deposition. This is to

17    ensure that all factual material upon which expert opinion may be based

18    and all tests and reports are completed prior to the expert deposition.

19    2.  Unless application is made prior to the close of expert discovery, each

20    party is limited to calling only one expert witness in each discipline

21    involved in the case.

22    3.  Any party objecting to the admissibility of the testimony of person

23    disclosed as an expert witness must file a written motion in limine to

24    exclude the testimony no later than the deadline set in this order for filing

25    motions in limine

26  **H.    Close of Discovery:**

27    1.  All discovery, including depositions of expert witnesses, must be

28    completed by _6/6/08_ (185 days before trial).

2. Pursuant to Federal Rule of Civil Procedure 16(b) and Civil L.R. 26-2, a discovery request or stipulation that calls for responses or depositions after the discovery cut-off date are not enforceable except by order of the Court and upon a showing of good cause.

3. Pursuant to Civil L.R. 26-2, no motions to compel discovery may be filed later than 10 days after the discovery cut-off date

**I.    Dispositive Motions:**

1. Pursuant to Civil L.R. 7~2, all dispositive motions shall be filed, served and noticed by ___7/3/08___ (155 days prior to trial). The parties shall file a joint statement of undisputed facts pursuant to Civil L.R. 56-2(b) when filing a motion for summary judgment or summary adjudication.

2. The Court shall hear dispositive motions on ___8/7/08___ ( 120 prior days to trial, during the Court's Thursday law and motion calendar) at 10:00 a.m. in Courtroom B, 15th Floor of the Federal Building, located at 450 Golden Gate Avenue, San Francisco, California.

**J.    Exchange and Filing of Trial Papers:**

1. By ___10/9/08___ (60 days before trial) lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange (but not file or lodge) the papers described in paragraph 2 below.

2. By ___10/23/08___ ( 45 days before trial) counsel shall file the papers described in Federal Rule of Civil Procedure 26(a)(3) and a joint pretrial conference statement including the following:

(A) Substance of the Action: A brief description of the substance of chums and defenses which remain to be decided.

(B) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the

1    amount of damages.

2    (C) Undisputed Facts: A plain and concise statement of all relevant facts

3    not reasonably disputable, as well as which facts parties will stipulate for

4    incorporation into the trial record without the necessity of supporting

5    testimony or exhibits.

6    (D) Disputed Factual Issues: A plain and concise statement of all disputed

7    factual issues which remain to be decided.

8    (E) Agreed Statement: A statement assessing whether all or part of the

9    action may be presented upon an agreed statement of facts.

10    (F) Stipulations: A statement of stipulations requested or proposed for

11    pretrial or trial purposes.

12    (G) Witness list: A list of all witnesses to be called for trial. The parties

13    shall submit a page-length detailed summary of the substance of the

14    proposed testimony of each witness, which shall also specify to which

15    disputed fact the testimony relates and an estimate of the time required for

16    direct and cross examination of each prospective witness.

17    (H) Exhibit list: A list of all exhibits to be offered at trial. The exhibit list

18    shall list each proposed exhibit by its number or alphabetical letter,

19    description and sponsoring witness. All documents shall be authenticated

20    prior to trial.

21    (I) Estimated Time of Trial: An estimate of the number of hours needed for

22    the presentation of each party's case.

23    (J) Settlement: A statement summarizing the status of the parties'

24    settlement negotiations.

25    **No party shall be permitted to offer any witness or exhibit in its case**

26    **in chief that is not disclosed in its witness or exhibit list without**

27    **leave of the Court for good cause shown.**

28    3. Motions *in limine*: Counsel are directed to meet and confer to resolve any

1  evidentiary disputes prior to filing motions *in limine*. Any motions in limine

2  shall be filed $\underline{10/23/08}$ (45 days prior to trial). Any Opposition to motions in

3  limine shall be filed $\underline{10/30/08}$ (38 days prior to trial). These matters will be

4  deemed submitted on the papers without oral argument, unless the Court

5  orders otherwise.

6      4.  Trial Briefs: Counsel shall file trial briefs setting forth the applicable legal

7          standard, pursuant to Ninth Circuit authority, all significant disputed issues

8          of law, including foreseeable procedural and evidentiary issues by

9          $\underline{11/7/08}$ (30 days prior to trial).

10      5.  Joint Proposed Voir Dire (Jury Trial Only): Counsel should submit a joint

11          set of requested voir dire to be posed by the Court by $\underline{11/7/08}$ (30 days

12          prior to trial). Any voir dire questions on which counsel cannot agree shall

13          be submitted separately by $\underline{11/7/08}$ (30 days prior to trial). Counsel

14          will be allowed brief follow-up voir dire after the Court's questioning.

15      6.  Joint Proposed Jury Instructions (Jury Trial Only): Jury instructions § 1.01

16          through § 2.02 and § 3.01 through § 3.15 from the Manual of Model Civil

17          Jury Instructions for the Ninth Circuit (1998 Edition) will be given absent

18          objection. Counsel shall submit a joint set of additional proposed jury

19          instructions by $\underline{11/7/08}$ (30 days prior to trial). The instructions

20          shall be ordered in a logical sequence, together with a table of contents.

21          Any instruction on which counsel cannot agree shall be marked as

22          "disputed," and shall be included within the jointly submitted instructions

23          and accompanying table of contents, in the place where the party

24          proposing the instruction believes it should be given.  Argument and

25          authority for and against each disputed instruction shall be included as

26          part of the joint submission, on separate sheets directly following the

27          disputed instruction.  The Court prefers that all jury instructions conform to

28          the Manual of Model Civil Jury Instructions for the Ninth Circuit.

1    If possible, counsel shall deliver to the Courtroom Deputy a copy of their

2    joint proposed jury instructions on a computer disk in WordPerfect format.

3    The disk label shall include the name of the parties, the case number and

4    be entitled "Proposed Jury Instructions."

5    At the close of Defendant's case in chief, the Court shall hear oral

6    argument on the disputed jury instructions and will then render its rulings.

7    7.  Proposed Verdict Forms, Joint or Separate (Jury Trial Only): Counsel shall

8    submit any <u>joint</u> proposed verdict forms and shall submit their separate

9    verdict forms by $\underline{11/7/08}$ (30 days prior to trial).

10    Whenever possible, counsel shall deliver to the Courtroom Deputy a copy

11    of their joint proposed verdict forms on a computer disk in WordPerfect.

12    The disk label shall include the name of the parties, the case number and

13    be entitled "Proposed Verdict Forms."

14    8.  Proposed Findings of Fact and Conclusions of Law (Court Trial Only):

15    Counsel shall submit joint proposed findings of facts QY (30 days prior to

16    trial). Counsel shall submit separately a copy of their disputed findings of

17    fact and conclusions of law by $\underline{11/7/2008}$ (30 days prior to trial).

18    Whenever possible, counsel shall deliver to the Courtroom Deputy a copy

19    of their joint proposed findings of fact on a computer disk in WordPerfect.

20    The disk label shall include the name of the parties, the case number and

21    be entitled "Joint Proposed Findings of Facts."

22    **K.    Pretrial Conference:**

23    1.  On $\underline{\text{November 6, 2008}}$ (30 days prior to trial, during the Court's Thursday law

24    and motion calendar is held on Thursdays) the Court shall hold a pretrial

25    conference at 10:00 a.m, in Courtroom B, 15th Floor of the Federal

26    Building, located at 450 Golden Gate Avenue, San Francisco, California.

27    Lead counsel who will try the case must attend the pretrial conference.

28    The purpose of the pretrial conference is for the Court to rule on any

1    issues raised in the final pretrial conference statement, motions in limine,

2    and to discuss the trial of the case.

3    **L.    Final Pretrial Conference:**

December 4, 2008 at 10:00 a.m.

4    1.  On (4 days prior to trial, during the Court's Thursday law and motion

5    calendar) the Court shall hold a final pretrial conference to address any

6    outstanding trial issues.

7    **M.    Trial Date:**

8    1.  The trial shall commence [with jury selection taking place] on

9    December 8, 2008 (Trial schedule: Monday through Thursday, at 1:30 p.m.

10    to 5:00 p.m.). The trial shall last __8__ days.

11    2.  For any documents, including the deposition of a witness testifying at trial,

12    which will be shown presented to a witness **but will not be admitted into**

13    **evidence**, counsel shall bring the original plus three clean copies of the

14    documents. The original document will be handed to the Court during

15    testimony, and the clean copies of the document will be given to the

16    witness during the examination and to opposing counsel.

17    3.  Counsel shall maintain their o~ exhibits during trial. Exhibits are to be

18    premarked with exhibit tags stapled to the upper lefthand comer. If a photo

19    or chart is being used as an exhibit, the exhibit tag should be placed on

20    the back side of the exhibit. The Court will only admit premarked exhibits

21    which were listed on the earlier filed exhibit list.

22    Plaintiff shall mark the exhibits numerically; Defendant shall mark

23    the exhibits alphabetically. The exhibit markers shall each contain the

24    name and number of the case, the number or alphabetical letter of the

25    exhibit, and blank spaces to accommodate the date admitted and the-

26    Deputy Clerk's initials.

27    4.  On the day of trial, counsel shall bring the original premarked exhibits, a

28    copy of the premarked exhibits for opposing counsel and two binders

which contain a copy of each side's premarked exhibits for the Court. **The premarked exhibit binders are to be designated with label dividers.** The premarked exhibit binders will be given to the Courtroom Deputy on the morning of the trial.

**N.    Jury Selection:**

1.  The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of sufficient venire persons that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges, and discuss hardship claims from the individual jurors, at side bar. The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed. Each attorney may then list in writing up to three peremptory challenges. The attorneys will review each other's lists and then submit them to the clerk.

Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious, hardships, those excused for cause, and those challenged peremptorily. The Court will then call the first eight people in numerical sequence remaining. These people will be the jury. All jurors remaining at the close of the case will deliberate. There are no alternates.

**O.    Sanctions:**

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16{f).

P.    **Transcripts:**

Counsel who wants to receive a daily transcript shall contact Robert Stuart, Supervisor Court Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date. If any video or tape recording equipment or demonstrative devices will be used, a signed order will need to be obtained at least ten days in advance of the trial date for the items to clear security.

Q.    **Questions:**

All questions regarding these instructions should be directed to Brenda Tolbert, Courtroom Deputy Clerk to Judge James, at (415) 522-4708.

DATED:  November 7, 2007        LAW OFFICES OF SANFORD M. CIPINKO

By:_____
    SANFORD M. CIPINKO
    Attorneys for Plaintiff

DATED:  November 7, 2007

By:_____
    RONALD P. FLYNN
    Attorneys for Defendants

The November 15 CMC is VACATED.
IT IS SO ORDERED.

                November 8, 2007
DATED:  _____

By:_____
    MARIA ELENA JAMES
    United States Magistrate Judge

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER    14
CASE NO. C07-03304 MEJ