DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
RONALD P. FLYNN, State Bar #184186
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3901
Facsimile:     (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
KEVIN WORRELL, and DAMIEN FAHEY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE MACBETH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; KEVIN WORRELL, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO, DAMIEN FAHEY, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-50, individually and in their official capacities.<br><br>Defendants. | Case No. C07-3304 MEJ<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>Date Action Filed:    June 22, 2007<br>Trial Date:                December 8, 2008 |

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1. CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing peace officer personnel records, official information and other such documents that defendants in good faith have determined to be confidential. . Defendants shall attempt to stamp "Confidential" on all such documents prior to production. In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by defendants, the party who notices this oversight shall immediately make it known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

2. All documents, including, but not limited to, audiotapes, videotapes, photographs, transcripts, etc., related to the criminal investigation incidental to the event forming the basis of this lawsuit shall be also be deemed CONFIDENTIAL INFORMATION, within the meaning of this stipulation.

3. Plaintiff may challenge defendants' designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.

4. Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this determination is made.

5. Plaintiff's and Defendants' Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only to the following categories of person and no other unless authorized by the Court:

     a.    Plaintiff's Counsel and Defendants' Counsel;

     b.    Experts, investigators or consultants retained by Plaintiff's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. Counsel shall file and serve that document upon its execution; however, counsel shall not be required to file any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person, unless that person has also signed an agreement to comply which is then filed by counsel.

     c.    Mediators, arbitrators, or alternative dispute resolution neutrals.

6.    Counsel for Plaintiff may not provide originals or copies of the CONFIDENTIAL INFORMATION to any plaintiff absent the written agreement of counsel for the City or a court order, subject to the following: Plaintiff's counsel may show CONFIDENTIAL INFORMATION to Plaintiff and discuss those materials with Plaintiff, but may not give Plaintiff copies;

7.    Unless otherwise stipulated to by the parties, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any papers or pleadings filed with the Court, shall be filed under seal pursuant to the Court's rules and procedures (see Northern District of California Civil Local Rule 79-5). The sealed envelopes shall be endorsed with the caption of this litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

> "This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco."

8.    The designation of information as confidential shall not affect the admissibility of the information at trial. However, in the event any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall meet and confer with counsel for defendants to reach an agreement,

in accordance with the Court's rules and procedures, on an appropriate method for disclosure, and if defendants do not agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by order of the Court. Unless otherwise agreed, transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

9. Any inadvertent disclosure made in violation of this PROTECTIVE ORDER shall be immediately corrected by the offending party and does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

10. All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, etc.) will be returned to the San Francisco City Attorney's Office at the termination of this litigation or destroyed within 30 days after the final disposition of this case, without request or further order of the court. The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be binding after the conclusion of the action, and this Court will have jurisdiction to enforce the terms of this PROTECTIVE ORDER.

11. Should all parties or their counsel fail to comply with this PROTECTIVE ORDER, the violating parties and their counsel shall be liable for all costs associated with enforcing this agreement, including but not limited to all attorney fees in amounts to be determined by the Court. Counsel may also be subject to additional sanctions or remedial measures, as determined by the court.

12. This protective order expressly does not apply to documents that are part of the public record or documents that Defendants have not treated in a confidential manner.

IT IS SO STIPULATED.

Dated: February 13, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Attorney
RONALD P. FLYNN
Deputy City Attorney

By: /s/ *Ronald P. Flynn*
RONALD P. FLYNN
Attorneys for Defendants

Dated:

SANFORD M. CIPINKO
JEREMY CLOYD
Law Offices of Sanford M. Cipinko

By: _____
JEREMEY CLOYD
Attorneys for Plaintiff

## ORDER

BASED ON THE ABOVE ENTERED STIPULATION, IT IS SO ORDERED

Dated:

_____
THE HONORABLE MARIA-ELENA JAMES
UNITED STATES DISTRICT MAGISTRATE JUDGE

[PROPOSED] PROTECTIVE ORDER
MacBeth v. CCSF Case No. C07-3304 MEJ

4

12. This protective order expressly does not apply to documents that are part of the public record or documents that Defendants have not treated in a confidential manner.

IT IS SO STIPULATED.

Dated:

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Attorney
RONALD P. FLYNN
Deputy City Attorney

By: _____
RONALD P. FLYNN
Attorneys for Defendants

Dated:

SANFORD M. CIPINKO
JEREMY CLOYD
Law Offices of Sanford M. Cipinko

By: _____
JEREMY CLOYD
Attorneys for Plaintiff

**ORDER**

BASED ON THE ABOVE ENTERED STIPULATION, IT IS SO ORDERED

Dated:

_____
THE HONORABLE MARIA-ELENA JAMES
UNITED STATES DISTRICT MAGISTRATE JUDGE

[PROPOSED] PROTECTIVE ORDER                4
MacBeth v. CCSF Case No. C07-3304 MEJ

# EXHIBIT A

# AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3. I agree not to make copies of the CONFIDENTIAL INFORMATION.

4. I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then Plaintiffs, Plaintiffs' Counsel, and I may be subject to sanctions or possible contempt.

AGREED:

_____
DATE

                              _____
                              SIGNATURE

                              _____
                              PRINT NAME